## LEWIS v. STATE

[No. 113, September Term, 1965.]

*Decided March 7, 1966.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, HORNEY, OPPENHEIMER and McWILLIAMS, JJ.

*William W. Grant* for the appellant.

*Donald Needle, Assistant Attorney General,* with whom were
*Thomas B. Finan, Attorney General,* and *Fred A. Thayer,
State's Attorney for Garrett County,* on the brief, for the ap-
pellee.

PER CURIAM.

After conviction of burglary and sentence therefor by Judge
Hamill, sitting without a jury in the Circuit Court for Garrett
County, Lewis has appealed.

He argues that the evidence was insufficient to sustain his con-
viction.

On an appeal of this nature, our duty is to examine the evi-
dence, and to see if it, together with the proper and legiti-
mate inferences to be drawn therefrom, is sufficient to warrant
the trial judge's findings of fact; and such findings will not be
disturbed unless clearly erroneous.

An accomplice, a long-time friend, testified, flatly, that he and
Lewis broke into the dwelling cabin of Colonel Lauterback in
the nighttime, and stole therefrom two rifles and other articles
of personalty. They hid the rifles and, a short time thereafter,
took them to an auction where they were sold, one being reg-
istered by the appellant; the other by the accomplice. The stolen
rifles were recovered, and, upon arrest, appellant admitted he
and the accomplice, together, had taken the rifles to the auc-
tion, told conflicting stories as to how he had acquired his, and
finally stated that he had purchased it from the accomplice. Ap-
pellant, testifying in his own behalf, told substantially, the same
story from the witness stand, and admitted the accomplice had
given him a portion of the money received by the accomplice
for the rifle registered by him, which apparently was the more
valuable one.

Other witnesses testified that appellant and the accomplice were seen together at, or near, the time set by the accomplice as the time of the breaking, at a place within easy traveling distance, by automobile, to the cabin; and that appellant and the accomplice came to, and attended, the sale together, each registering other articles (such as a grill, a hot plate, a toaster, and an iron) in addition to the rifles.

It is obvious that the above was sufficient, if believed by the trial judge, to establish all of the essential ingredients of the crime of burglary; and a careful examination of the entire evidence fails to reveal that the trial judge's finding of "guilty" was clearly erroneous.

*Judgment and sentence affirmed.*